IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE CUNNINGHAM, <br> No.  A62152, <br> <br>         Plaintiff, <br> <br>   vs. <br> <br> C/O BENJAMIN LEWIS, <br> C/O DANIEL KORTE, <br> C/O ZOLLERS, and <br> C/O RALSTON, <br> <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-00619-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Bennie Cunningham is an inmate currently housed in Lawrence Correctional Center.  Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to excessive and unnecessary force used against him by the defendant correctional officers.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, on July 10, 2014, the "Orange Crush" tactical team searched every cell at Lawrence. As part of the process, Plaintiff Cunningham's housing unit, Unit 5, was taken to the dining hall and ordered to sit—hands cuffed behind them—looking down at the table tops. Plaintiff complied as best he could "for a 57 year old." C/O Korte singled Plaintiff out and tried to force Plaintiff to lay his face down on the table top. Dissatisfied with Plaintiff's effort, in a "violent rage," Korte forced Plaintiff's face down on the table. C/O Korte, along with C/O Lewis, C/O Ralston and C/O Zollers, then lifted Plaintiff up from the table by his cuffs and bent Plaintiff over at an angle that was extremely uncomfortable, given Plaintiff's age.[1] He was walked away from the table, thrown to his knees, and then kneed in the side as the defendants forced his head down to the floor.

Lewis, Ralston and Zollers subsequently lifted Plaintiff up from the ground by his handcuffs and secured him to a wall. Plaintiff again had to bend at the waist in a stress position. While in that bent-over position, he was then walked to segregation by Lewis, Ralston and Zollers, who ignored the pain they were causing Plaintiff. Upon arrival at the segregation unit, Plaintiff was pushed into a shower, still handcuffed behind his back and with Lewis holding a long chain connected to the cuffs.

---

[1] Of course, it was not age *per se* that posed difficulties; rather, it was Plaintiff's relative agility and flexibility.

While in the shower, Plaintiff told C/O Lewis that they—presumably Lewis, Ralston and Zollers—were racist and running a plantation that mistreats black men.  Rather than merely write Plaintiff a disciplinary ticket, Lewis, assisted by Ralston and Zollers, "maliciously and sadistically" pulled Plaintiffs cuffed hands and arms through an opening in the shower door, using the chain as a weapon and the door to brace their own hands and feet, causing Plaintiff mental and physical injury.  Medical records reflect that Plaintiff incurred a 4 cm laceration on his arm that reached the muscle, and another notable laceration, both of which required stitches.  He also complained of bruising, swelling and numbness.

Based on the allegations in the complaint and Plaintiff's own characterization of his legal claims, the Court construes the complaint as asserting the following single, overarching claim.

**Count 1:   Defendants Lewis, Korte, Zollers and Ralston used excessive force against Plaintiff without penological justification, in violation of the Eighth Amendment.**

The complaint goes on to detail how proper procedures were not used to promptly record Plaintiff's injuries and to investigate the incident, and grievances were not responded to.  However, there is no indication Plaintiff intended to assert claims regarding those matters.  Furthermore, the four named defendants were not involved.  Any intended claims not recognized by the Court should be considered dismissed without prejudice as inadequately pleaded under the *Twombly* standard.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S.CONST., amend. VIII.  *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual

punishment. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

Taking the allegations as true, substantial physical force was used against Plaintiff, even though he was complying with the officers' directives, cuffed behind his back and not physically asserting himself. That scenario sufficiently implicates the Eighth Amendment and each of the four named defendants.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Eighth Amendment excessive force claim(s) in **COUNT 1** shall **PROCEED** against Defendants **C/O BENJAMIN LEWIS, C/O DANIEL KORTE, C/O ZOLLERS and C/O RALSTON**.

The Clerk of Court shall prepare for Defendants **C/O BENJAMIN LEWIS, C/O DANIEL KORTE, C/O ZOLLERS and C/O RALSTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 27, 2015**

s/ STACI M. YANDLE<br>United States District Judge