IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE CUNNINGHAM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-619-SMY-RJD |
| BENJAMIN LEWIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Bennie Cunningham, formerly an inmate at the Illinois Department of Corrections' Lawrence Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Daniel Korte, Trent Ralston, Benjamin Lewis and Jason Zollers, who are employees of the Illinois Department of Corrections. (Doc. 1). Following threshold screening by the Court, Plaintiff proceeded against Defendants on an Eighth Amendment excessive-use-of-force claim. On August 11, 2017, the Court granted summary judgment in favor of Defendants Korte and Ralston. (Doc. 61). Now pending before the Court is Plaintiff's Motion to Reconsider. (Doc. 62). Defendants filed a response (Doc. 63). For the following reasons, the motion is **DENIED**.

The Federal Rules of Civil Procedure do not explicitly recognize motions to reconsider. However, this Court has the inherent power to reconsider interlocutory orders and reconsideration is committed to the court's sound discretion. *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). Unless expressly stated otherwise, orders granting partial summary judgment are not final judgments under Federal Rule of Civil Procedure 54, and "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights

and liabilities." Fed. R. Civ. P. 54(b).

Motions to reconsider should rarely be granted. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Granting such a motion is appropriate in two extraordinary situations: where the court's misapprehension has produced a manifest error of fact or law, or where a controlling or significant change in fact or law has materialized since the court issued its initial ruling. *Id.; Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Misapprehension occurs where the court patently misunderstands the issue or decides the matter based on considerations beyond the issues presented by the parties for review. *Bank of Waunakee*, 906 F.2d at 1191.

Here, Plaintiff does not suggest that there has been a controlling or significant change is fact or law. Rather, Plaintiff "respectfully disagrees with the Court's ultimate conclusion and urges the Court to examine not simply each instance of allegedly excessive force but rather to look at the totality of the conduct as a whole." (Doc. 62, ¶4). Plaintiff does not allege any misstatement of the law, nor does he suggest that the factual findings were either incomplete or inaccurate. He simply disagrees with the Court's analysis of the evidence and its ruling and merely restates facts and arguments previously addressed by the Court. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) (Reconsideration is not an appropriate forum for rehashing previously rejected arguments).

Plaintiff recites a condensed version of the alleged bad conduct and offers *Thomas v. Stalter*, 20 F.3d 298 (7th Cir. 1994) as the "most controlling case in this matter." (Doc. 62 at ¶10). The Court explicitly discussed *Thomas* in its Order and found that *Lunsford v. Bennet*, 17 F.3d 1574 (7th Cir. 1994) and *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000) were more apt

comparisons to this case. (Doc. 61 at 7). Plaintiff provides no basis for the Court to conclude that its analysis was erroneous.

Moreover, to the extent Plaintiff did not explicitly argue a "totality of the conduct" theory in his original motion and briefing, he cannot raise it for the first time in a motion to reconsider. *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). In sum, Plaintiff has presented no adequate grounds to justify revisiting the Court's prior order. As such, Plaintiff's Motion to Reconsider is DENIED.

**IT IS SO ORDERED.**

**DATED: October 30, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
