# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE CUNNINGHAM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:15-CV-0619-SMY-RJD |
| BENJAMIN LEWIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court are the motions *in limine* filed by Plaintiff Bennie Cunningham (Doc. 68) and Defendants Benjamin Lewis and Jason Zollars (Doc. 67). The Court heard argument from the parties and made the rulings below on the record during the final pretrial conference on November 15, 2017.

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Motions *in limine* also may save the parties time, effort, and cost in preparing and

presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc*., 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

**Plaintiffs' Motion *in Limine:***

- Plaintiff's Motion *in limine* No. 1— Plaintiff seeks to exclude evidence of his prior convictions. Evidence of the fact that Plaintiff has been convicted of a felony is probative as to his credibility as a witness under FRE 609 and is therefore admissible for that purpose. However, the Court finds that details as to the crime(s) for which Plaintiff was convicted and the length of his sentence are more prejudicial than probative and are thus excludable under FRE 403. The motion is therefore DENIED only as to evidence of the fact that Plaintiff has been convicted of a felony.

- Plaintiff's Motion *in limine* No. 2— Plaintiff moves to bar any evidence as to prior convictions of any witnesses he may call. Again, evidence of the fact that a witness has been convicted of a felony is probative as to his or her credibility as a witness under FRE 609 and is therefore admissible for that purpose. However, the Court finds that details as to the crime(s) for which witnesses were convicted and the length of their sentence(s) are more prejudicial than probative and are thus excludable under FRE 403. The motion is therefore DENIED only as to evidence or reference to the fact that any witness has been convicted of a felony.

- Plaintiff's Motion *in limine* No. 3— Plaintiff moves to bar introduction of any medical records not relevant to the claim. As drafted, the motion is too vague for the Court to grant—any irrelevant medical records are already inadmissible under FRE 402. As such, the motion is DENIED subject to appropriate objection during the course of trial.

- Plaintiff's Motion *in limine* No. 4— Plaintiff moves to bar any evidence regarding Plaintiff's disciplinary record for incidents other than those related to the July 10, 2014 incident at issue in this case. Any disciplinary records unrelated to the underlying incident in this case are immaterial and irrelevant. As such, the motion is GRANTED as to any disciplinary records other than those associated with the July 10, 2014, incident.

- Plaintiff's Motion *in limine* No. 6[1]— Plaintiff moves to bar evidence of any unrelated grievances filed by Plaintiff. Any grievances unrelated to the underlying incident in this case are immaterial and irrelevant. As such, the motion is GRANTED as to any disciplinary records other than those associated with the July 10, 2014, incident.

- Plaintiff's Motion *in limine* No. 6— Plaintiff has WITHDRAWN this motion.

**Defendants' Motions *in Limine*:**

- Defendants' Motion *in limine* No. 1 – Defendants move to bar Plaintiff from providing testimony regarding causation of his injuries. The motion is GRANTED. However, Plaintiff may testify regarding his symptoms, pain and functionality.

---

[1] In Plaintiff's filing, the fifth overall motion *in limine* is mistakenly labeled as "VI".

- Defendants' Motion *in limine* No. 2 – Defendants move to bar any testimony or argument suggesting that the State of Illinois will indemnify Defendants. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendants' Motion *in limine* No. 3 – Defendants move to bar Plaintiff from testifying about statements made to him by non-party medical providers. Plaintiff does not object to this motion. The motion is accordingly GRANTED subject to exception for statements recorded in admitted medical records.

- Defendants' Motion *in limine* No. 4 – Defendants move to bar evidence regarding whether Defendants followed Illinois Department of Corrections policies or protocols. Pursuant to *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006), evidence of violation of policy is irrelevant to the question of whether a federal constitutional right was violated. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendants' Motion *in limine* No. 5 – Defendants move to bar any evidence regarding other lawsuits involving Defendants. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendants' Motion *in limine* No. 6 – Defendants move to bar any evidence regarding prior misconduct, reprimands or grievances involving Defendants. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendants' Motion *in limine* No. 7 – Defendants move to bar any evidence or argument referencing any "Golden Rule" appeal. Plaintiff does not object to this motion. The motion is accordingly GRANTED.

- Defendants' Motion *in limine* No. 8 – Defendants move to bar any reference to claims in this case which have been dismissed. To the extent this motion seeks to exclude testimony regarding events leading up to Plaintiff being placed in the showers which were the basis of some of the claims in this case which have been dismissed, such testimony may or may not be relevant and admissible depending upon the context in which it is offered at trial. As such, the motion is DENIED at present, subject to appropriate objection during the course of trial.

**SO ORDERED.**

**DATED: December 5, 2017**

                                                    **/s/ Staci M. Yandle**
                                                    **United States District Judge**